IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07cr141 |
| | § | |
| JAVIER MORENO-LOPEZ | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 19, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On April 23, 2001, the Defendant was sentenced by the Honorable Janis Graham Jack, United States District Judge, Southern District of Texas, to probation for a term of five (5) years for transporting an unlawful alien. On April 2, 2007, the U.S. Probation Officer filed a Petition for Warrant for Offender Under Supervision in the Southern District. The case was transferred to the Eastern District of Texas and assigned to the Honorable Richard A. Schell, United States District Judge, on June 20, 2007, for final revocation proceedings.

The Government has asserted that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) Defendant shall, immediately upon release from confinement, be surrendered to a duly authorized immigration

1

official for deportation proceedings, and, if ordered deported, excluded, or allowed to voluntarily return to Mexico, Defendant shall not reenter the United States.

According to the Government, Defendant committed the following violations of his supervised release: (1) On April 12, 2007, the Grand Jury in the Eastern District of Texas, Sherman Division, returned a one-count indictment charging Defendant with the violation of 8 U.S.C. § 1326, reentry of deported alien, and alleging Defendant had previously been excluded, reported, and removed, knowingly and unlawfully was found in Denton County, Texas on or about March 10, 2007, without obtaining consent for re-application for admission into the United States; and (2) on March 10, 2007, after Defendant was encountered by the Aubrey, Texas Police Department after authorities were notified by the Aubrey, Texas Fired Department that Defendant requested assistance in gaining entry into a locked vehicle, Defendant did not provide any identification or proof that he was the owner of the vehicle and falsely identified himself as Pascual Dias with a date of birth of January 10, 1974.

At the hearing, Defendant entered a plea of true to the alleged violations. At the hearing, the Court recommended that Defendant's supervised release be revoked. Defendant waived his right to allocution before a district judge.

## RECOMMENDATION

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12)

2

months, to run consecutively with any other terms of imprisonment, with no supervised release to follow.

    **SIGNED** this \_\_\_4\_\_ day of \_\_\_March\_\_\_, 2008.

                                                      DON D. BUSH
                                                    UNITED STATES MAGISTRATE JUDGE